UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
—BROWNSVILLE DIVISION—

| | | |
|---|---|---|
| GABRIEL SOTO and ANNA SOTO, § | | |
| Plaintiffs, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. B-06-122 |
| § | | |
| DYNA-LIFT, INC., § | | |
| Defendant. § | | |

## MEMORANDUM OPINION AND ORDER

In a Report and Recommendation of December 7, 2006, the Magistrate Judge recommended that this case be dismissed for lack of personal jurisdiction. (Doc. No. 18). On December 19, 2006, Plaintiffs filed their Objections to Proposed Findings, Conclusions and Recommendation of the Magistrate in the Nature of a Motion for Reconsideration or, in the Alternative, Appeal to the District Judge. (Doc. No. 20). Defendants responded on January 2, 2006, arguing that the Magistrate Judge's Report and Recommendation should be adopted. (Doc. No. 23).

### I. Background

The instant case is a negligence cause of action based on Gabriel Soto's injury on or about July 8, 2004, in South Carolina while using a forklift his employer leased from Dyna-Lift, Inc. ("Dyna-Lift"). Plaintiffs are residents of Cameron County, Texas, and citizens of Texas. Dyna-Lift is an Alabama corporation with its principal place of business in Alabama. Dyna-Lift filed Defendant Dyna-Lift, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction, and Subject Thereto, Motion to Dismiss for Improper Venue or, in the Alternative, Motion to Transfer Venue, and Subject to Said Motions, Original Answer and Jury Demand. (Doc. No. 2). As stated above, the Magistrate Judge has recommended that the motion be granted.

### II. Analysis

The Plaintiffs objections to the Report and Recommendation can be separated into two main arguments: (A) Dyna-Lift was "doing business" in Texas by virtue of its parent corporations and (B) the website maintained by Dyna-Lift, Inc., itself amounted to "doing business" in Texas.

### A. The Parent Corporations

Plaintiffs argue that Dyna-Lift "was actively doing business in Texas as part of the parent companies, Portman Equipment Company and Pon North America." (Doc. No. 20). Such a conclusion ignores the fact that, according to the record before the Court, Dyna-Lift is a separate corporate entity. Plaintiffs have not attempted in any manner to pierce the corporate veil in their objections to the Magistrate Judge's Report and Recommendation, but simply argue that the activities of Portman Equipment Company ("Portman") and Pon North America ("Pon")—neither of which is before this Court—support their claim of jurisdiction over Dyna-Lift in Texas because Portman and Pon do business in Texas. Although Plaintiffs have filed an amended complaint, they have not named Portman or Pon as a defendant, but simply note that Dyna-Lift is a "division" of Portman and Pon. (Doc. No. 22). Plaintiffs explain that, based on their research, "Dyna-Lift, Inc. is not listed as an active or inactive Alabama Corporation." (Doc. No. 20).

Dyna-Lift responded to Plaintiffs' objections by showing that Dyna-Lift, Inc., is still an active Alabama corporation as per the Secretary of State for the State of Alabama. In fact, Plaintiffs' Original Petition, filed in the 107th Judicial District of Cameron County, Texas, indicated that Dyna-Lift is an Alabama corporation. When a non-resident defendant moves to dismiss for lack of personal jurisdiction the burden of proving the Court's jurisdiction over the non-resident defendant is on the plaintiff. *Wilson v. Belin*, 20 F.3d 644, 649 (5th Cir. 1994). As noted by Dyna-Lift, this is the first time Plaintiffs have argued that Dyna-Lift is not an Alabama corporation. (Doc. No. 23). Insofar as Plaintiffs attempt to argue that Dyna-Lift is not an Alabama corporation at this stage in

the litigation, the Court is unwilling to entertain their unsubstantiated allegation.  Therefore, Dyna-Lift appears to be a separate corporate entity from Portman or Pon, such that their presence in Texas does not give rise to personal jurisdiction over Dyna-Lift.  *See, e.g., Gardemal v. Westin Hotel Co.*, 186 F.3d 588 (5th Cir. 1999).  Because Plaintiffs have not provided any evidence which would suggest that the corporate entities are shams or in some other manner fraudulent, nor have Plaintiffs even made any such allegations, the Court finds that Dyna-Lift was not doing business in Texas through Portman or Pon.

*B. Operation of the Website*

Plaintiffs contend that Dyna-Lift has established minium contacts with Texas through the operation of their website, which includes an online catalog.  Plaintiffs argue that the Report and Recommendation was incorrect, stating:

> Notwithstanding Plaintiffs' burden of proof, nowhere in the proof offered by Defendant, Dyna Lift, Inc., including its sworn Affidavits attached to both the Motion to Dismiss and the Reply to Plaintiff's Answer to the Motion to Dismiss, does it state that a forklift cannot be purchased through the internet cite yet the Magistrate has incorporated this 'fact' as one of his findings.

(Doc. No. 20).  Although Plaintiffs neither confirm nor deny whether a forklift could have been purchased through Dyna-Lift's website, they argue that the affidavit of Craig Pinson, stating that Dyna-Lift "has not sold or leased any product to a retail customer in the State of Texas by use of the Internet and/or Dyna-Lift's website and/or Dyna-Lift's on-line catalog during the last two years," is disingenuous because Dyna-Lift could have done business as Portman or Pon in light of its take-over by those entities on October 1, 2004.

Regardless, this Court finds no error in the magistrate's conclusion that Dyna-Lift's website fell into the "middle ground" of *Mink v. AAAA Development, LLC*, 190 F.3d 333 (5th Cir. 1999).  Whether it was possible to purchase a forklift through the website is not the sole determinative

3

factor.  As explained in the Magistrate Judge's Report and Recommendation, the Fifth Circuit has previously held that *Mink's* sliding scale test "is not well adapted to the general jurisdiction inquiry, because even repeated contacts with forum residents by a foreign defendant may not constitute the requisite substantial, continuous and systematic contacts required for a finding of general jurisdiction."  (Doc. No. 18) (citing *Revell v. Lidov*, 317 F.3d 467, 471 (5th Cir. 2002)).  In *Revell* the Fifth Circuit declined to exercise personal jurisdiction over the defendant despite the fact that the defendant sold nearly twenty internet subscriptions a year through its website.  317 F.3d at 471.  The court explained that "[t]hough the maintenance of a website is, in a sense, a continuous presence everywhere in the world, the cited contacts of Columbia with Texas are not in any way 'substantial.'" *Id.*  Therefore, whether a customer *could have* purchased a forklift through Dyna-Lift's online category is not relevant in light of the Affidavit of Craig Pinson.  Dyna-Lift's operation of the website does not amount to doing business in Texas.

### III.  Conclusion

In light of the above the Magistrate Judge's Report and Recommendation (Doc. No. 18) is adopted.  Therefore, Dyna-Lift's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. No. 2) is **GRANTED** and this case is **DISMISSED without prejudice**.  All other pending motions are **DENIED as moot**.

Signed this 2nd day of March, 2007.

_____

Andrew S. Hanen  
United States District Judge